**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

|  |  |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>**Plaintiff,**<br><br>v.<br><br>**LEMARCY DARTHARD,**<br><br>**Defendant.** | Case No.  09-20156-JWL |

## MEMORANDUM AND ORDER

Defendant Lemarcy Darthard entered into a plea agreement with the government pursuant to Fed. R. Crim. P. 11(c)(1)(C), pleading guilty to possession of a firearm in furtherance of a drug trafficking crime (doc. 22). The parties agreed that the sentence in the case would be 90 months. Pursuant to the agreement, Mr. Darthard waived "any right to challenge a sentence or otherwise attempt to modify or change his sentence . . . [including] a motion brought under Title 18, U.S.C. § 3582(c)(2)" (*id.* at 9). On May 10, 2010, the court approved the Rule 11(c)(1)(C) plea agreement (doc. 26). The defendant received a sentence of 90-months imprisonment (doc. 27).

This matter comes before the court on Mr. Darthard's Motion for Retroactive Application of Sentencing Guidelines pursuant to 18 U.S.C. § 3582(c)(2) (doc. 35). For the reasons set forth below, this motion is dismissed for lack of jurisdiction.

## ANALYSIS

Section 3582 allows a court to modify a sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . consistent with the applicable policy statement issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). The policy statement to which § 3582(c)(2) refers is § 1B1.10 of the United States Sentencing Guidelines. Section 1B1.10 allows a court to reduce a term of imprisonment under § 3582(c) provided that the guideline range applicable to the defendant was subsequently lowered by one of the specific amendments to the Guidelines listed in § 1B1.10(c). U.S.S.G. § 1B1.10(a)(1). Section 1B1.10(a)(2) provides that a reduction is not authorized if none of the retroactive amendments listed in subsection (c) is applicable to the defendant.

Mr. Darthard seeks to have his sentence reduced pursuant to 18 U.S.C. § 3582(c)(2), based on the Fair Sentencing Act of 2010 (FSA), Pub. L. No. 111-220, 124 Stat. 2372, and Amendment 750 to the United States Sentencing Guidelines. *See* U.S.S.G. § 2D1.1 (2011); United States Sentencing Commission, 76 Fed. Reg. 41,332 (July, 13, 2011) (on retroactivity). The FSA amended various United States Code provisions with respect to crack cocaine violations, raising the quantities of cocaine base required to trigger various statutory mandatory minimum sentences from a 100:1 to an 18:1 "crack-to-powder" ratio. In the FSA, Congress directed the Sentencing Commission to amend the Sentencing Guidelines to conform with the new law within 90 days of the FSA's enactment. In response, the Sentencing Commission issued

amended Guidelines based on the FSA's new mandatory minimum sentences. These amended Guidelines became retroactively effective on November 1, 2011.

Mr. Darthard, however, is ineligible for a sentence reduction based on Amendment 750. The court will address the merits of Mr. Darthard's eligibility, but it must first resolve a procedural concern.

**1. Waiver**

Mr. Darthard signed a plea agreement that included a waiver of his right to seek a sentence reduction under § 3582(c)(2) (doc. 22, at 8-9). The government has not raised this waiver as a bar to this court's resolution of his § 3582 motion, however, and the court will not raise the issue sua sponte. *See United States v. Contreras-Ramos*, 457 F.3d 1144, 1145 (10th Cir. 2006) ("the waiver is waived when the government utterly neglects to invoke the waiver"); *United States v. Hahn*, 359 F.3d 1315, 1328 (10th Cir. 2004) (the government should file a motion to enforce plea agreement to enforce a waiver of rights contained in the agreement); *see also United States v. Callirgos-Navetta*, 303 F. App'x 585, 587 n.2 (10th Cir. 2008) (declining to enforce waiver sua sponte).

Therefore, the court may consider Mr. Darthard's motion without determining whether it is barred by the post-conviction waiver contained in the plea agreement.

**2. Amendment 750**

Mr. Darthard contends that he is eligible for a sentence reduction pursuant to § 3582 based on Amendment 750's revision of the Drug Quantity Table set forth in § 2D1.1 for cocaine base ("crack" cocaine) offenses. The defendant, however, was not

3

sentenced based on quantities of cocaine base. Instead, he was sentenced pursuant to a Fed. R. Crim. P. 11(c)(1)(C) plea agreement for possession of a firearm in furtherance of a drug trafficking crime.[1]

Amendment 750 does not impact the guideline range for possession of a firearm in furtherance of a drug trafficking crime. As a result, a reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c)(1) because Amendment 750 does not have the effect of lowering his applicable guideline range. *See United States v. Sharkey*, 543 F.3d 1236, 1238 (10th Cir. 2008) (applying the same reasoning to Amendment 706). As the facts establish that Mr. Darthard's sentence is not based on a guideline range that has subsequently been lowered by the Sentencing Commission, the court is without jurisdiction to consider a reduction of sentence under § 3582(c). *United States v. Curtis*, 252 Fed. App'x 886, 887 (10th Cir. 2007) (Where the amendment did not subsequently lower the defendant's Guideline range, the district court has no jurisdiction to consider a modification to his sentence under 18 U.S.C. § 3582(c)(2)).

**IT IS THEREFORE ORDERED BY THE COURT** that defendant's Motion

---

[1] The plea agreement signed by the defendant explicitly states that "the parties are not requesting imposition of an advisory guideline sentence" (doc. 22, at 4). The court accepted the 11(c)(1)(C) agreement (doc. 26). The court did not, as Mr. Darthard asserts, find him "accountable for 7 grams of crack cocaine" nor did the court impose an advisory guideline sentence.

4

for Retroactive Application of Sentencing Guidelines pursuant to 18 U.S.C. § 3582(c)(2) (doc. 35) is dismissed for lack of jurisdiction.

**IT IS SO ORDERED** this 5th day of June, 2012.

                                                   s/ John W. Lungstrum
                                                   John W. Lungstrum
                                                   United States District Judge