# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS

**United States of America,**

      **Plaintiff,**

**v.**                                                                       Case No. 09-20156-JWL

**Lemarcy Darthard,**

      **Defendant.**

## MEMORANDUM & ORDER

In February 2010, defendant Lemarcy Darthard entered a plea of guilty to possession of a firearm in furtherance of a drug trafficking crime. The court sentenced Mr. Darthard to a 90-month term of imprisonment and a three-year term of supervised release. Mr. Darthard began his term of supervision in June 2016. This matter is now before the court on Mr. Darthard's motion for early termination of his supervision. The government opposes the motion. As will be explained, the motion is granted.

A district court has authority to "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release," so long as it considers the factors in § 3553(a) and the release is in the "interest of justice." 18 U.S.C. § 3583(e)(1); *United States v. Begay*, 631 F.3d 1168, 1171–72 (10th Cir. 2011). Mr. Darthard contends that early termination is appropriate because he has served 26 months of his 36-month term; he has successfully reintegrated into the community and has strong and stable ties to his family and his church; he is in good standing with the probation office; and he has maintained employment since his release. Mr. Darthard asserts that he is requesting early termination to

support a career change, as he intends to obtain his CDL and believes that travel limitations will hamper his employment as an over-the-road truck driver. Importantly, the probation office supports Mr. Darthard's request for early termination.

The government opposes Mr. Darthard's motion for three reasons. First, the government contends that Mr. Darthard's request violates the terms of the parties' Rule 11(c)(1)(C) plea agreement. According to the government, Mr. Darthard "specifically agreed as part of his plea to serve a three-year term of supervised release." The government, then, asserts that Mr. Darthard is bound by his agreement and that any request to modify that agreement constitutes a breach of the plea agreement. But the government directs the court to no language in the plea agreement supporting that broad interpretation of the agreement. Nor does the government direct the court to any case law supporting its argument that Mr. Darthard's agreement to propose to the court a sentence of 90 months in prison and three years of supervised release somehow constitutes a waiver of Mr. Darthard's right to seek early termination of that term of supervised release. Moreover, the government's argument violates fundamental principles of contract interpretation in that it renders Mr. Darthard's appeal and collateral attack waiver totally superfluous. *See LDF Food Group, Inc. v. Liberty Mut. Fire Ins. Co.*, 36 Kan. App. 2d 853, 863 (2006) (judicial interpretation of contract should not render any term meaningless). In other words, if the court interpreted the Rule 11(c)(1)(C) plea agreement to preclude Mr. Darthard from attempting to modify his sentence in any respect, then the separate appeal and collateral attack waiver contained in the agreement would be rendered meaningless.

The government also contends that Mr. Darthard's request violates the plea waiver contained in the plea agreement in which Mr. Darthard agreed to waive his right to appeal or

2

collaterally attack his sentence, including the length of supervised release. In support of this argument, the government relies on *United States v. Van Riper*, 2013 WL 1411250 (W.D. Okla. Apr. 8, 2013). In that case, however, the defendant's plea waiver included language expressly waiving the defendant's right to "appeal, collaterally challenge, or move to modify under 18 U.S.C. § 3582(c)(2) or some other ground, his sentence as imposed by the Court." *Id.* at *1. In concluding that the waiver precluded the defendant from trying to terminate the remainder of his term of supervised release, the court found that the phrase "or some other ground" included a motion under § 3583(e)(1). No such language appears in the plea waiver executed by Mr. Darthard and the *Van Riper* case is inapposite. Unlike the waiver at issue in *Van Riper*, the waiver executed by Mr. Darthard is strictly limited to appeals and collateral attacks. In pertinent part, that waiver states as follows:

> [T]he defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, conviction and sentence (including the length and conditions of supervised release, as well as any sentence imposed upon a revocation of supervised release). . . . The defendant also waives any right to challenge a sentence or otherwise attempt to modify or change his sentence or manner [sic] in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, U.S.C. § 2255 [except as limited by *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001)], a motion brought under Title 18, U.S.C. § 3582(c)(2), and a motion brought under Fed. Rule of Civ. Pro. 60(b).

By its plain language, then, the waiver limits Mr. Darthard's attempts to modify his term of supervised release to the context of a collateral attack. Without question, a motion to modify under § 3583(e) is not a collateral attack. As the Tenth Circuit has explained in the context of a motion under § 3582(c)(2):

> The conventional understanding of "collateral attack" comprises challenges brought under, for example, 28 U.S.C. § 2241, 28 U.S.C. § 2254, 28 U.S.C. §

3

>  2255, as well as writs of coram nobis. These are extraordinary remedies that complain about the substance of, or proceedings that determined, a defendant's original sentence or conviction. It is by no means obvious that a defendant's motion to modify his sentence under 18 U.S.C. § 3582(c)(2), pursuant to a subsequent amendment in the Sentencing Guideline that was applied to his case, would be reasonably understood as a "collateral attack" on his sentence as opposed to a motion prospectively to modify a sentence based on events occurring after the original sentence was imposed. *Cf. United States v. Torres-Aquino*, No. 02-2075, 334 F.3d 939, 2003 U.S. App. LEXIS 13473 (10th Cir. July 2, 2003) (which similarly draws a distinction between § 2255 actions, which attack the original sentence, and § 3582(c)(2) actions, which do not attack the original sentence but only seek to modify it).

*United States v. Chavez-Salais*, 337 F.3d 1170, 1172 (10th Cir. 2003). Mr. Darthard's motion to for early termination of supervised release does not challenge the substance of his original sentence or the proceedings that determined his sentence. It is not a collateral attack. The government's waiver argument, then, is rejected. *See United States v. Pregent*, 190 F.3d 279, 282-83 (4th Cir. 1999) (the plain language of § 3583(e) does not provide a mechanism for a collateral attack on an individual's original sentence).

Lastly, the government argues that there is an insufficient basis for early termination, particularly because Mr. Darthard tested positive for marijuana on four occasions over a two-month period between September and November 2017. But it is significant to the court that the probation office, in its letter in support of termination, emphasized that Mr. Darthard has submitted negative drug tests since November 2017 and meets the eligibility criteria set forth in the applicable statutes and in Monograph 109, § 380.10—Early Termination. The probation office is the most familiar with Mr. Darthard's circumstances and conduct since his release and is in the best position to assess the need for continuing supervision. Moreover, the eligibility criteria, contrary to the government's suggestion, do not mandate a "spotless record" during

supervision or "extraordinary circumstances" demonstrating that an individual is "worthy of special consideration." *See United States v. Harris*, 258 F. Supp.3d 137, 149-50 (D.D.C. 2017) ("[C]onstruing § 3583(e)(1) to require the defendant to exhibit objectively extraordinary or unusual conduct during supervision is a stretch not expressed in the statutory text."); *United States v. McFadden*, 2017 WL 68649, at *2 (D.N.J. Jan. 5, 2017) (a defendant need not show extraordinary circumstances to merit a reduction of supervised release).

In short, the court concludes that termination of Mr. Darthard's supervision is warranted in light of the factors in § 3553(a) and is in the interest of justice. He has served more than two-thirds of his term; he has successfully reintegrated into the community as evidenced by his connections to his family and church; he has maintained consistent employment with concrete plans to elevate his career potential; and he is in good standing with the probation office. The Court is persuaded that termination of supervised release is warranted here. Accordingly, the Court grants the motion, and defendant's term of supervised release is hereby terminated.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. Darthard's motion for early termination of supervised release (doc. 43) is **granted** and defendant's term of supervised release is hereby terminated.

**IT IS SO ORDERED.**

Dated this 27th day of September, 2018, at Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge